UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Cause No. 2:14-cr-93 |
| ) | |
| JACK WEICHMAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Jack Weichman is charged in a 36-count indictment with bank fraud, concealment of assets related to his bankruptcy, conspiracy to conceal assets, money laundering, wire fraud, and filing false tax returns. (DE 48.) He has moved to dismiss Counts 1–8, 10(a), and 27 for bank fraud, concealment of bankruptcy assets, and money laundering under Federal Rule of Criminal Procedure 12(b)(3)(B). (DE 124.) I denied the motion with respect to the bank fraud counts (Counts 1-8) in a separate order (DE 167), and I heard oral argument on the motion to dismiss the concealment of assets and money laundering counts (Counts 10(a) and 27) on October 17, 2016 (DE 178). This opinion sets out the reasons the motion is granted with respect to these remaining counts.

Let's start with the basics: "[i]n order to be valid, an indictment must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating." *United States v. Gimbel,* 830 F.2d 621, 624 (7th Cir. 1987); *see also* Fed. R. Crim. P. 7(c)(1) (requiring a "plain, concise, and definite written

statement of the essential facts constituting the offense"). At one time, Weichman owned MMDS, Inc. (a medical billing company) and Weichman & Associates (an accounting firm). Count 10(a) of the Second Superseding Indictment alleges that Weichman knowingly and fraudulently concealed from his creditors and the trustee in his personal bankruptcy "$351,900 in wire transfers . . . from bank accounts . . . of MMDS and Weichman and Associates to [Ari Weichman's] E-Trade account[.]" (DE 48 at 11.)

To which Weichman responds: so, what? Even if the allegations in the indictment are true—that is, even if he concealed the transfers from the accounts of MMDS and Weichman & Associates—that would not violate 18 U.S.C. § 152(1). As the argument goes, that's because Weichman was only required to disclose his *interest* in MMDS and Weichman & Associates, and evidently he did that; he was not obligated to disclose the assets of those entities, the assets he transferred.

In response, the government concedes that the assets of MMDS and Weichman & Associates were not part of the bankruptcy estate, but goes on to argue that "once Weichman transferred the funds into the brokerage account held in Ari's name and began exercising personal control over their disbursement[,] . . . the funds became his personal assets and had to be disclosed on the bankruptcy schedule."(*See* DE 131 at 22.) And that is certainly true: Weichman was required to disclose assets that belonged to him, even if he kept them in his son's investment account. *See* 11 U.S.C. § 541(a)(1); *In re Carousel Int'l Corp.*, 89 F.3d 359, 362 (7th Cir.1996).

So on the face of it, without looking at the indictment, this is a perfectly reasonable theory of prosecution. Weichman causes the transfer of $351,900 out of MMDS and Weichman & Associates and into an account that he controls but that is in his son's name. He then uses that account as his own personal piggy bank and, in the process, hides money from his creditors. That sounds like a crime. The problem is that none of this is alleged in the indictment. The indictment does not allege that Jack Weichman controlled his son's E*Trade account, that Jack Weichman was obligated to disclose money that landed into that account to the bankruptcy court, or that his failure to do so was an act of concealment. Instead, inexplicably, the indictment merely alleges that Weichman caused a transfer of corporate assets—assets the government admits were not part of the bankruptcy estate to begin with. (*See* DE 131 at 22; *see also Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005).)

At bottom, what the government chose to charge as an act of concealment isn't a crime because a person can't fraudulently conceal something that he has no obligation to disclose in the first place. And the government can't rewrite an indictment through briefing on a motion to dismiss. If Count 10(a) went to trial and the government were permitted to present evidence that Weichman controlled his son's E*Trade account, sent a load of money into that account, and then spent it, the evidence would be totally different from the concealment of assets alleged in the indictment. Count 10(a) does not allege a violation of 18 U.S.C. § 152(1) and therefore must be dismissed.

Count 27 of the indictment (money laundering) alleges that a $40,000 check dated

October 17, 2011 paid to Jack Weichman from Ari Weichman's Centier Bank checking account was derived from the funds described in Count 10(a). (DE 48 at 23.) The defendants argue, and the government concedes, that Count 27 is dependent upon Count 10(a). (DE 131 at 20.) If Count 10(a) is insufficient, then so too is Count 27. Count 27 therefore also must be dismissed.

Accordingly, Defendant Jack Weichman's Motion to Dismiss Counts 1-8, 10(a), and 27 of the Second Superseding Indictment (DE 124) is **GRANTED** with respect to Counts 10(a) and 27.

**SO ORDERED.**

ENTERED: October 24, 2016

s/ Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT