**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>**JACK WEICHMAN**<br><br>　　　　　　Defendant. | **CASE NUMBER: 2:14CR93-001**<br>**USM Number: 13814-027**<br><br>**JACKIE M BENNETT** AND<br>**MICHAEL Z. GURLAND**<br>**DEFENDANT'S ATTORNEYS** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to counts 1, 9, 21, 28 and 34 of the Second Superseding Indictment on October 28, 2016.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2 AIDING AND ABETTING AND 1344(1) and 1344(2) BANK FRAUD and FORFEITURE | September 2013 | 1ss |
| 18:2 AIDING AND ABETTING AND 18:152(1) CONCEALMENT OF ASSETS and FORFEITURE | September 2013 | 21ss |
| 18:1343 WIRE FRAUD and FORFEITURE | September 2013 | 28ss |
| 26:7206(1) FILING A FALSE TAX RETURN | September 2013 | 34ss |
| 18:1344(1) and 1344(2) BANK FRAUD and FORFEITURE | September 2013 | 9ss |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2-8, 10-20, 22-27, 29-33 and 35-36 of the Second Superseding Indictment are DISMISSED on the motion of the United States as to this defendant only.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

May 4, 2018
Date of Imposition of Judgment

s/ Philip P. Simon
Signature of Judge

Philip P. Simon, United States District Judge
Name and Title of Judge

May 11, 2018
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 96 months as follows:  A term of:  96 months on Counts 1, 9 and 28, a term of imprisonment of 60 months on Count 21 and a term of imprisonment of 36 months on Count 34.  All terms shall be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

    That the defendant be incarcerated in a federal facility as close to Northwest Indiana as possible so that he may continue to have contact with friends and family.

    It was originally ordered that the defendant surrender for service of sentence of July 7, 2018. However, since this date is a Saturday, the Court later entered an order changing the date of surrender to Monday, July 9, 2018. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before **2:00 P.M.** on **Monday, July 9, 2018.**

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) years, all terms to be served concurrently.**

Within 72 hours of the judgment in this case or after the defendant's release from the custody of the Bureau of Prisons, the defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m.  While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following mandatory conditions:

1. Defendant shall not commit another federal, state or local crime.

2. Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3. The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

1. The defendant shall not knowingly leave the judicial district without the permission of the court or probation officer. The probation office will provide a map or verbally describe the boundaries of the judicial district at the start of supervision.

2. The defendant shall report to the probation officer in the manner and as frequently as reasonably directed by the court or probation officer during normal business hours.

3. The defendant shall not answer falsely any inquiries by the probation officer. However, the defendant may refuse to answer any question if the defendant believes that a truthful answer may incriminate him.

4. The defendant shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. The defendant may petition the Court to seek relief or clarification regarding a condition if he believes it is unreasonable.

5. The defendant shall make reasonable effort to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as child care, elder care, disability, age or serious health condition.

6. The defendant shall notify the probation officer at least ten days prior to any change in residence or any time the defendant leaves a job or accepts a job. In the event that a defendant is involuntarily terminated from employment or evicted from a residence, the offender must notify the Probation Officer within forty-eight (48) hours.

7. The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged or planning to be engaged in criminal activity.

8. The defendant shall permit a probation officer to visit him at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

9. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

10. The defendant shall not enter into any agreement to act as an informant for a law enforcement agency without the permission of the court.

11. The defendant shall notify the probation officer within 72 hours of any material change in his economic circumstances that might affect his ability to pay any unpaid amount of restitution and fines. Additionally, the defendant shall provide a probation officer with specific financial information regarding the defendant's ability to pay restitution, forfeiture, or a fine, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the defendant's current ability to pay.

12. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

13. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine.

14. The defendant shall commence restitution payments in the manner and schedule as determined by the Court. The imposed payment schedule will remain in effect until such time as the defendant, victim, or government notifies the Court that there has been a material change in the defendant's ability to pay. Restitution shall be paid at a minimum rate of $1,000.00 per month commencing one month after placement on supervision until said amount is paid in full.

Case Number: 2:14CR93-001
Defendant: JACK WEICHMAN                                                                         Page 6 of 7

15. The defendant is advised that he may pay any portion of this fine/restitution from any wages earned in prison in accordance with the Bureau of Prisons Inmate Financial Responsibility Program. The defendant is also advised that participation in the program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he/she might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the fine/restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** |
|---|---|
| $500.00 | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

The restitution is as follows:
Dr. Ashbach: $466,200.00
Dr. Ashback: $2,417,000.00
Fifth Third Bank: $209,136.31
Bankruptcy creditors: $285,995.64 – to be paid in a pro rata basis according to their claim on the bankruptcy estate.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320.

## FORFEITURE

Defendant shall comply with the criminal or civil forfeiture of the following property:

$171,754.82 seized from an E-Trade account held in the name of Ari Weichman, Account Number 5724-5773; and the cash surrender value of two Jackson National Life Insurance Policies in the amounts of $9,849.15 and $7,884.95.

Name: <u>JACK WEICHMAN</u>
Docket No.: <u>2:14CR93-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                             Date


_____     _____
U.S. Probation Officer/Designated Witness          Date