UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:14-cr-93 |
| | ) | |
| | ) | |
| JACK WEICHMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Jack Weichman was convicted of a large fraud scheme a couple years ago and received a 96 month sentence. He now seeks compassionate release due mostly to the COVID-19 pandemic. [DE 323.] Weichman claims that COVID-19 poses a "deadly threat" to him because of his preexisting health conditions. [*Id.* at 2-3.] Weichman asks for an order modifying the remainder of his sentence to a period of home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). But because Weichman has failed to meet the high burden for compassionate release, his motion will be DENIED.

Weichman is a 69 year old male and is currently incarcerated at Terra Haute FCI, in Terre Haute, Indiana, with an anticipated release date of July 8, 2025. His concession that "the current data from Terre Haute FCI does not indicate that a large portion of the prison population is infected" is a vast understatement. [DE 323 at 4.] At the time of the government's response, there were no inmates or staff members currently positive for COVID-19. [DE 325 at 2.]

In his motion, Weichman claims multiple medical issues such as hypertension, vascular disease, and prediabetes, and he believes these conditions place him at a high risk for serious complications or death were he to contract COVID-19.  The government has provided Weichman's medical records, which indicate that he does have hypertension and prediabetes.  [DE 325-4 at 396, 410, 414.]  There is no mention of vascular disease in the records, however Weichman submitted a letter from a physician dated January 21, 2021, who saw Weichman for a hernia repair, and additionally opined that Weichman suffers from "undiagnosed peripheral vascular disease." [DE 323-1.] Weichman's prison records indicate he has been fully vaccinated against COVID-19. [DE 325-4 at 459.]

On May 7, 2018, I sentenced Weichman to serve a total of 96 months imprisonment for his role in a long running fraud scheme that spanned the course of bank fraud, bankruptcy fraud, wire fraud, and tax fraud.  [DE 273.]  Weichman was a certified public accountant who operated an accounting firm named Weichman and Associates.  He also owned and operated a medical billing business, and several of the physicians that used Weichman and Associates for their accounting work also used the other firm for medical billing.  In 1999, Weichman helped broker the sale of a medical practice, but he failed to pay the resulting $1.9 million dollar tax obligation to the IRS. When the IRS started after him, Weichman began a crime spree including syphoning $750,000 from a client, filing bankruptcy but lying and hiding assets, and fraudulently draining the money out of a retirement account held by a friend and client.  Weichman

2

removed $2,417,000 from the client's account, which he then proceeded to gamble away at local casinos. In total, he stole approximately $6.5 million of other people's money. [DE 297 at 133.] I remember his sentencing very well, and commented that Weichman's request at the time for home detention "took my breath away, frankly, given the breadth of this conduct." [DE 297 at 137.] I went on to comment that "the conduct was too vast, it is too rampant, it is too abusive, and so that's off the table, in my judgment." *Id.* Weichman has requested compassionate release from the warden, so it appears he has exhausted his administrative remedies. [DE 325 at 4-5.]

The First Step Act provides that the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In other words, the compassionate release statute directs me to make three considerations: (1) whether a reduction is consistent with the factors listed in section 3553(a); (2) whether extraordinary and compelling reasons warrant a sentence reduction; and (3) whether a reduction would be consistent with the Sentencing Commission's policy statements. All three considerations weigh against release in this case.

The section 3553(a) factors, which are well-known by this point, include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford

3

adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed. 18 U.S.C. § 3553(a). Weichman's crimes were long lasting (committed over a decade), extensive and serious. He cheated the IRS, lied to the bankruptcy court and its creditors, and stole millions of dollars out of his client accounts to pay for luxury items and to feed his gambling addiction. Weichman has only served about 3 years of his 8-year sentence, and I don't think it would serve justice to let him out at this early juncture. *See, e.g.*, *United States v. Cochran*, No. 2:06 CR 114, 2020 WL 2092836, at *5 (N.D. Ind. May 1, 2020) (denying motion for compassionate release because "[r]equiring defendant to serve the remainder of his sentence would promote respect for the law and provide just punishment for defendant's offense."). Moreover, he still seems to fully lack remorse – in a prison medical record from several years ago, he indicated he "was very angry" about the results of his case. [DE 325-4 at 124.] To the extent Weichman argues in his motion that his crimes did not cause "physical or emotional injury to other humans," I disagree. [DE 323 at 4.] Weichman's victims trusted him. And while many of them expressed compassion for him and were willing to simply turn the other cheek, this does not lessen the fact that Weichman took advantage of them in a despicable way and caused significant emotional and financial damage to them. As a result, Weichman's rampant fraud led to a husky sentence. There are no § 3553 factors that cause me to regret or reconsider that sentence.

There also are not "extraordinary and compelling reasons [that] warrant such a

4

reduction." 18 U.S.C. § 3582(c)(1)(A). Weichman claims that he has a number of health conditions that place him at high risk for complications were he to contract COVID-19, including an increased risk of death. I have reviewed Weichman's medical records. He does have hypertension. [DE 325-4 at 401, 414.] The CDC has indicated that "possibly high blood pressure" can "make you more likely to get severely ill from COVID-19." Https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last viewed August 2, 2021). Because of the uncertainty about whether hypertension truly does present a risk factor, courts have denied compassionate release when hypertension is the only potential risk factor presented. *See, e.g., United States v. Elem*, No. 21-1392, 2021 WL 3027984 (7th Cir. July 19, 2021) (affirming denial of compassionate release where petitioner had several medical concerns including hypertension); *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (affirming denial of compassionate release and noting "nearly half of the adult population in the United States suffers from hypertension"); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021); *United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021). To the extent Weichman may suffer from undiagnosed vascular disease, this is not a condition recognized by the CDC as causing a higher risk. "Prediabetes" also is not a known risk factor, and Weichman's records indicate that he does not take medication for prediabetes, and is trying to manage it with diet and exercise. [DE 325-4 at 396, 2.]

Even if Weichman was at an elevated risk from suffering severe complications, the fact that he is fully vaccinated weighs heavily against his release. As noted by the

5

CDC, "COVID-19 vaccines are safe and effective at preventing COVID-19 disease, including severe illness and death." Https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last viewed August 2, 2021).  Courts across the country have denied release under similar circumstances where the individual has been fully vaccinated.  *See, e.g., United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. Groom*, No. 2:17-cr-159, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release, reasoning "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19.").  As the Seventh Circuit recently acknowledged, "[t]oday [] vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, No. 20-3073, 2021 WL 3077134, at *1 (7th Cir. July 21, 2021).

## Conclusion

For the aforementioned reasons, Jack Weichman's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 323] is DENIED.  Weichman has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

6

ENTERED: August 2, 2021.

        /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT